UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| IMMANUEL CHRISTIAN PRICE, | No. 2:17-cv-0382 GEB KJN P |
|---|---|
| Plaintiff, | |
| v. | ORDER AND ORDER REFERRING CASE TO POST-SCREENING ADR PROJECT AND STAYING CASE FOR 120 DAYS |
| C&PR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Defendants have answered the complaint. On July 19, 2017, plaintiff filed a motion to stay the deadline for responding to defendants' answer until after the settlement conference on August 23, 2017, previously set in 2:17-cv-0099 KJN. On July 25, 2017, defendants filed a motion to consolidate this action with 2:17-cv-0099 KJN. On August 8, 2017, the undersigned related this action to 2:17-cv-0099 KJN.

Plaintiff's Motion for Stay

Rule 7(a) of the Federal Rules of Civil Procedure provides for the filing of a complaint, an answer to a complaint, and, "if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a) (emphasis added). The court has not ordered plaintiff to reply to defendants' answer and declines to make such an order. Thus, plaintiff's motion for stay is denied.

////

////

## Defendants' Motion to Consolidate

Counsel for defendants in this case is the same as counsel for defendants in 2:17-cv-0099 KJN. Counsel for defendants filed a motion to consolidate in this case, but filed a notice of related cases in 2:17-cv-0099 KJN. In light of the referral of both of these cases to the ADR pilot project, the undersigned declines to consolidate these cases at this time.

## Referral to ADR Project

The undersigned is referring all post-screening civil rights cases filed by pro se inmates to the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to resolve such cases more expeditiously and less expensively. Defense counsel from the Office of the California Attorney General has agreed to participate in this pilot project. No defenses or objections shall be waived by their participation.

As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights claim. Thus, the court stays this action for a period of 120 days to allow the parties to investigate plaintiff's claims, meet and confer, and then participate in a settlement conference.

Plaintiff and counsel for defendants waived disqualification for the undersigned to hold the settlement conference in 2:17-cv-0099 KJN on August 23, 2017. It appears from the filings of plaintiff and counsel for defendants in both 2:17-0099 KJN and 2:17-cv-0382 GEB KJN that the parties agree that the issues in both cases are similar and involve the same questions of law. Good cause appearing, 2:17-cv-0382 GEB KJN shall also be set for settlement on August 23, 2017, at 9:00 a.m., before the undersigned.

At least seven days prior to conference, the parties shall submit to the assigned settlement judge a confidential settlement conference statement. The parties' confidential settlement conference statement shall include the following: (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made to settle the case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay (ECF No. 19) is denied as unnecessary;

2

2. Defendants' motion to consolidate (ECF No. 22) is denied without prejudice;

3. This action is stayed for 120 days to allow the parties an opportunity to settle their dispute before the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action. The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.

4. This action is set for settlement conference on August 23, 2017, at 9:00 a.m., before the undersigned.

5. Within thirty days from the date of this order, the parties shall file the attached notice, informing the court they waive disqualification for the undersigned to hold the settlement conference.

6. At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to the judge assigned for settlement.

7. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

8. The Clerk of the Court shall serve copies of (a) plaintiff's complaint (ECF No. 1), (b) the screening order (ECF No. 7), and (c) the instant order, on Supervising Deputy Attorney General Monica Anderson.

9. The parties remain obligated to keep the court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." See L.R. 182(f).

Dated: August 10, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/pric0382.adr.post.answer.kjn

| | |
|---|---|
| IMMANUEL CHRISTIAN PRICE,<br><br>    Plaintiff,<br><br>v.<br><br>C&PR, et al.,<br><br>    Defendants. | No. 2:17-cv-0382 GEB KJN P<br><br>NOTICE RE:  JUDGE ELECTION FOR SETTLEMENT CONFERENCE (POST-SCREENING ADR PROJECT) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

As required by court order, the parties notify the court of the following election:

____ Pursuant to Local Rule 270(b) of the Eastern District of California, the party signing below affirmatively requests that the assigned Magistrate Judge participate in the settlement conference and, further, waives any claim of disqualification of the assigned Magistrate Judge on that basis thereafter.  This waiver is not to be construed as consent to the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(c)(1).

DATED:

_____
Plaintiff or Counsel for Defendants

1